COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

RICHARD PALOMO SOLORZANO,

          Plaintiff,        :   INDEX NO.

    -against-

AHTNA TECHNICAL SERVICES, INC.,

          Defendant.

\- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Ahtna Technical Services, Inc. ("ATSI") hereby removes Case No. 153619/12, entitled *Solorzano v. Ahtna Technical Services, Inc.*, from the Supreme Court of the State of New York, County of New York, where said case was originally filed and is currently pending, to the United States District Court for the Southern District of New York. The removal is based on 28 U.S.C. §§ 1332, 1441, 1446, and on the following grounds:

1.     On or about June 12, 2012, plaintiff filed a complaint in the Supreme Court of the State of New York, County of New York (attached hereto as Exhibit A).

2.     On June 26, 2012, plaintiff served the complaint on the New York Secretary of State. ATSI received a copy of the complaint from the New York State Division of Corporations on July 5, 2012. Therefore, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because defendants filed this Notice within 30 days after receiving the initial pleadings from which it could first determine that this action was removable as required under 28 U.S.C. § 1446(b). No other pleadings or proceedings have been filed or occurred in this action.

1

3.      The court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 ...a nd is between citizens of different states ...").

a.      The parties are citizens of different states.  Plaintiff is a citizen of New York.  Complaint ¶ 1.  Pursuant to 28 U.S.C. § 1332(1), ATSI is deemed a citizen of Alaska because (1) it is incorporated in Alaska, and (2) its principal place of business is in Anchorage, Alaska.  Although plaintiff avers in his complaint that ATSI's principal place of business is in New York, this is not accurate.  ATSI's principal place of business is in Alaska because its corporate "nerve center" is in Anchorage, Alaska.  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  ATSI's corporate headquarters are located in Anchorage, Alaska and this is where ATSI's corporate officers "direct, control and coordinate [ATSI's] activities." *Id.*  Accordingly, ATSI is only a citizen of the State of Alaska – not New York.

b.      As set forth below, the amount placed into controversy by the complaint exceeds the sum or value of $75,000.  Pursuant to New York law, plaintiff's complaint does not state a specific amount of damages.  *See* N.Y. C.P.L.R. § 3017(c).  Accordingly, pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii), ATSI's notice of removal may assert the amount in controversy.  *See* 28 U.S.C. § 1446(c)(2)(A)(ii) (providing that amount in controversy may be asserted in the notice of removal if "the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded").

c.      Here, ATSI understands and believes that plaintiff is seeking damages in excess of $75,000 because he claims all the following categories of damages:  past and future damages for physical pain and suffering; past and future damages for emotional pain and

suffering; past and future medical expenses; permanent impairment damages; past and future damages for loss of enjoyment of life; past and future damages for loss of earning capacity; and a final prayer for all such other relief. ATSI understands and believes that, when combined, plaintiff's alleged damages are in excess of $75,000. For example, plaintiff seeks to recover all past and future damages for loss of earning capacity, apparently in perpetuity. Such a demand alone potentially exceeds $75,000. Plaintiff also alleges in the complaint that he suffered fractured ribs and a fractured orbital bone as a result of ATSI's negligence, and seeks damages for all past and future medical treatment. In sum, the amount in controversy, based on plaintiff's complaint, exceeds $75,000 because plaintiff seeks extensive damages, including lost wages, medical expenses, as well as pain and suffering.

4. Pursuant to 28 U.S.C. § 1441(a), removal to this Court is proper because this is the district court for the district and division embracing the place where the state court action is pending.

5. Upon the filing of this Notice of Removal in the United States District Court for the Southern District of New York, written notice of the removal will be given to plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of New York as required by 28 U.S.C. § 1446(d).

Dated: New York, New York.
July 25, 2012

By:_____
Manny J. Caixeiro (mc-0218)
Perkins Coie LLP
30 Rockefeller Center, 25th Floor
New York, NY 10112-0085
212.262.6900 (tel)
212.977.1671 (fax)
mcaixeiro@perkinscoie.com

*Attorneys for Defendant AHTNA Services, Inc.*

# **<u>EXHIBIT A</u>**

FILED: NEW YORK COUNTY CLERK 06/12/2012

NYSCEF DOC. NO. 1

INDEX NO. 153619/2012

RECEIVED NYSCEF: 06/12/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------X
RICHARD PALOMO SOLORZANO,

                   Plaintiff,

    -against-

AHTNA TECHNICAL SERVICES, INC,

                  Defendant.
------------------------------------------X

Index #:
Date Purchased:

Plaintiff(s) designates
NEW YORK
County as the place of trial

The basis of the venue is
Defendant's place of business

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and serve a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of appearance, on the Plaintiff's Attorney within days after the service of this summons, exclusive of the day of service within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Defendant's address:

AHTNA TECHNICAL SERVICES, INC,

Through Secretary of State

Plaintiff's attorneys:
By: _____
DENNIS BELLOVIN
TROLMAN, GLASER & LICHTMAN, P.C.
Office & Post Office Address
777 Third Avenue
New York, New York 10017
(212) 750-1200

Dated:  New York, New York
          June 12, 2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
RICHARD PALOMO SOLORZANO,

                    Plaintiff,        VERIFIED COMPLAINT

       -against-                  Index No.:

AHTNA TECHNICAL SERVICES, INC,

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Plaintiff, Richard Palomo Solorzano, by and through his undersigned attorneys, Trolman, Glaser & Lichtman, P.C., brings this complaint against AHTNA TECHNICAL SERVICES, INC. and respectfully alleges to this Court the following:

### PARTIES

1. Plaintiff Richard Palomo Solorzano (herinafter referred to as "Plaintiff") is a resident of New York currently residing at 286 Mott Avenue, Lawrence, New York 11559. At all times relevant herein, Plaintiff was a resident of New York.

2. Defendant AHTNA TECHNICAL SERVICES, INC. (hereinafter referred to as "ATSI"), is an Alaskan corporation and a subsidiary of AHTNA, INC. At all times relevant ATSI operated the detention center known as the Port Isabel Processing Center located in Los Fresnos, Texas, and provided commercial operations services, for a profit, for the aforesaid detention center, including personnel, security, transportation, detention and food services, equipment and supplies. ATSI is authorized to do business in the State of New York and

regularly does so, on a day to day basis. Further, ATSI derives substantial revenue from such activities. ATSI's principal place of business in New York is 201 Varick Street, New York, New York 10014.

## GENERAL ALLEGATIONS

3.    Lieutenant Raul Leal was a supervising officer at the Port Isabel Processing Center. As a Lieutenant he was the second highest ranking officer at the Port Isabel Processing Center. Lt Leal was employed by, and/or was an agent, and/or servant, and/or employee of Defendant ATSI. At all times relevant herein, Lt. Leal was acting in the course and scope of his employment.

4.    Officer Ismael Saldana was an officer at the Port Isabel Processing Center. Officer Saldana was employed by, and/or was an agent, and/or servant of Defendant ATSI. At all times relevant herein, Officer Saldana was acting in the course and scope of his employment.

5.    Officer Adel Garcia was an officer at the Port Isabel Processing Center. Officer Garcia was employed by, and/or was an agent, and/or servant of Defendant ATSI. At all times relevant herein, Officer Garcia was acting in the course and scope of his employment.

6.    Officer Luis De Leon was an officer at the Port Isabel Processing Center. Officer De Leon was employed by, and/or was an agent, and/or servant of Defendant ATSI. At all times relevant herein, Officer De Leon was acting the course and scope of his

employment.

7.   Officer Chapa (first name not presently known) was an officer at the Port Isabel Processing Center. Officer Chapa was employed by, and/or was an agent, and/or Servant of Defendant ATSI. At all times relevant herein, Officer Chapa was acting in the course and scope of his employment.

8.   Plaintiff, a resident of New York, was taken into the custody of Immigration and Customs Enforcement (ICE) on or about May 21, 2008 in New York, New York. After a series of transfers between other detention centers, Plaintiff was transferred to the Port Isabel Processing Center in Los Fresnos, Texas on May 5, 2009.

9.   The Department of Homeland Security detains New York residents in the State of New York and moves them throughout the country to privately run for profit detention centers.

10.  The Port Isabel Processing Center is an immigration detention center located outside of Los Fresnos, Texas. The facility is notoriously known for the systematic sexual, physical, and financial abuse by the officers who work at the detention facility. Many of the abuses that go on in the facility are documented in Between the Fences: Before Guantanamo, There was the Port Isabel Service Processing Center a book written by Tony Hefner. Mr. Hefner was a former security guard at the detention center and witnessed many of the atrocities that took place in the detention center.

11.  At or around 10:15 PM on June 14, 2009,  Lt. Leal and seven

officers entered Delta Pod One, the Pod in which Plaintiff was housed, in response to an incident with another detainee. Delta Pod One is a large holding cell inside the Port Isabel Processing Center. The Pod holds over fifty immigration detainees and is monitored by approximately three officers.

12. After allegedly addressing the incident with the other detainee, the guards began to leave Delta Pod One. As the guards were leaving the Pod some detainees began chanting for the officers to get out.

13. Amidst the chanting, Plaintiff stood up from his bed and walked to the adjacent bunk bed, to grab his potato chips and water.

14. Lt. Leal approached Plaintiff and asked him "what the fuck is your problem?".

15. After a brief exchange with Plaintiff, Lt. Leal challenged Plaintiff to a fight and ordered two officers to take Plaintiff outside once Plaintiff had his clothes on.

16. Lt. Leal proceeded outside of Delta Pod One and into the Sally Port. The Sally Port is a separate room from the Delta Pod and is the only way in and out of the Pod. The Sally Port is monitored by one video camera which has a known blind spot. Plaintiff followed, escorted by the two officers that Lt. Leal had ordered to take Plaintiff outside. Moments later two other officers entered the Sally Port. The officers that joined Lt. Leal in the Sally Port were Officer Ismael Saldana, Officer Adel Garcia, Officer Luis De Leon,

and Officer Chapa, as well as any other officers not presently known to Plaintiff.

17. As Plaintiff walked over to Lt. Leal, Lt. Leal ordered the other officers to handcuff Plaintiff. The four officers complied and brought Plaintiff to the ground and handcuffed him. As Plaintiff was handcuffed and on the ground and in the blind spot of all security cameras, Lt. Leal kicked Plaintiff in the face. The Officers failed to protect Plaintiff.

18. Officer Saldana and Officer Garcia then dragged Plaintiff by his shoulders to the infirmary.

19. As a result of this incident, Plaintiff had several fractured ribs, a fractured orbital bone, and severe pain in his shoulders.

20. In an attempt to cover up the incident, Lt. Leal ordered Officer Saldana, Officer Garcia, Officer De Leon and Officer Chapa, as well as any other officers not presently known to Plaintiff, to falsify the Use Of Force Report and only write about what each of the officers had done. The Use Of Force Report is a report that needs to be generated within twenty four hours by any officer involved in the use of force at the Port Isabel Processing Center. The officers complied with Lt. Leal's orders.

21. After the incident, Plaintiff was released from the facility and immediately upon his release he returned to New York.

### FIRST CAUSE OF ACTION:
#### NEGLIGENCE

22. The Plaintiff incorporates herein by reference all preceding paragraphs.

23. ATSI owed Plaintiff a duty of reasonable care to protect him from harm.

24. The Port Isabel Processing Center has a long history of systematic sexual, physical, and financial abuse of detainees by Detention Center officers. Defendant ATSI was on notice, before the injuries to the Plaintiff, that officers were abusive towards detainees.

25. ATSI breached its duty of care owed to Plaintiff by failing to keep its facilities reasonably safe. In particular, and without limitation, ATSI allowed a culture of abuse at the facility, allowed facility to have a security camera blind spot in the Sally Port, did not create an avenue for subordinates to report misconduct of superiors, and other negligent acts that discovery may uncover.

26. Defendant ATSI caused injuries to the Plaintiff by virtue of its negligence.

27. That the amount of damages sought by the Plaintiff against the Defendant exceeds the jurisdictional limits of all lower courts which would otherwise have had jurisdiction.

### SECOND CAUSE OF ACTION: NEGLIGENCE

28. The Plaintiff incorporates herein by reference all preceding paragraphs.

29. At all time relevant hereto, Officer Saldana, Officer Chapa, Officer Garcia, and Officer De Leon, as well as any other officers not presently known to Plaintiff, were employed by, and/or were agents, and/or servants of Defendant ATSI.

30. Officer Saldana, Officer Chapa, Officer Garcia, and Officer De Leon, as well as any other officers not presently known to Plaintiff, had a duty to keep the detention center safe and a duty of reasonable care to protect detainees from harm.

31. Officer Saldana, Officer Chapa, Officer Garcia, and Officer De Leon, as well as any other officers not presently known to Plaintiff, breached these duties. The officers breached these duties by, and without limitation, placing Plaintiff in a dangerous position, by placing and holding Plaintiff on the floor when Plaintiff posed no threats to others, by failing to protect Plaintiff from the actions of Lt. Raul Leal, by dragging an injured Plaintiff to the infirmary, and by omitting the actions of Lt. Leal from their Use Of Force Report.

32. Plaintiff was injured as a result of the negligent acts of Officer Saldana, Officer Chapa, Officer Garcia, and Officer De Leon, as well as any other officers not presently known to Plaintiff.

33. The negligent acts of Officer Saldana, Officer Chapa, Officer Garcia, and Officer De Leon, as well as any other officers not presently known to Plaintiff, were committed within the scope of their employment with Defendant ATSI, in that they were committed

while on duty and in furtherance of Defendant ATSI.

34. Defendant ATSI, as the officers' employer, is responsible for all of the negligent acts committed by the officers within the scope of their employment.

35. That the amount of damages sought by the Plaintiff against the Defendant exceeds the jurisdictional limits of all lower courts which would otherwise have had jurisdiction.

### THIRD CAUSE OF ACTION:
### NEGLIGENT TRAINING

36. The Plaintiff incorporates herein by reference all preceding paragraphs.

37. Defendant ATSI was required to adequately train all officers that work in the detention center including Lt. Leal, Officer Saldana, Officer Chapa, Officer Garcia, and Office De Leon, as well as any other officers not presently known to Plaintiff.

38. The Port Isabel Processing Center has a long history of systematic sexual, physical, and financial abuse of detainees by Detention Center officers. Defendant ATSI was on notice, before the injuries to the Plaintiff, that officers were abusive towards detainees.

39. Defendant ATSI created an unreasonable risk of harm to the Plaintiff by failing to adequately train Lt. Leal, Officer Saldana, Officer Chapa, Officer Garcia, and Officer De Leon, as well as any other officers not presently known to Plaintiff. Specifically,

Defendant ATSI, was negligent for failing to adequately train the officers in regards to, and without limitation, the duty of care owed to detainees, proper policy and procedure for protecting detainees from harm, proper policy and procedure for handling and transporting an injured detainee, proper take down and handcuffing technique and the use of force.

40. Defendant ATSI caused injuries to the Plaintiff by virtue of its negligent training.

41. That the amount of damages sought by the Plaintiff against the Defendant exceeds the jurisdictional limits of all lower courts which would otherwise have had jurisdiction.

## FOURTH CAUSE OF ACTION: NEGLIGENT SUPERVISION

42. The Plaintiff incorporates herein by reference all preceding paragraphs.

43. Defendant ATSI was responsible for supervising the actions of its employees. Lt. Leal, Officer Saldana, Officer Chapa, Officer Garcia, and Officer De Leon are employees of Defendant ATSI, as are any other officers not presently known to Plaintiff who were involved in the relevant events.

44. The Port Isabel Processing Center has a long history of systematic sexual, physical, and financial abuse of detainees by Detention Center officers. Defendant ATSI was on notice, before the injuries to the Plaintiff, that officers were abusive towards

detainees.

45. Defendant ATSI, created an unreasonable risk of harm to the Plaintiff by, and without limitation, failing to adequately supervise, control, or otherwise monitor the activities of its employees, Lt. Leal, Officer Saldana, Officer Chapa, Officer Garcia, and Officer De Leon, as well as any other officers not presently known to Plaintiff.

46. Defendant ATSI caused injuries to the Plaintiff by virtue of its negligent Supervision.

47. That the amount of damages sought by the Plaintiff against the Defendant exceeds the jurisdictional limits of all lower courts which would otherwise have had jurisdiction.

DAMAGES

48. As a direct and proximate cause of the aforementioned actions and omissions of the Defendant, ATSI, Plaintiff, Richard Palomo Solorzano, has suffered injuries and damages. Plaintiff seeks recovery from Defendant for all damages to which he may be entitled to including, but not limited to:

    a. Physical pain and suffering of a past, present and future nature;

    b. Emotional pain and suffering of a past, present and future nature;

    c. Medical expenses of a past, present and future nature;

    d. Permanent impairment;

e. Loss of enjoyment of life of a past, present and future nature;

f. Loss of earning capacity of a past, present, and future nature;

g. All such further relief, both general and specific, to which Plaintiff may be entitled.

WHEREFORE, Plaintiff demands judgment on all causes of action against the Defendant for such amount as may be just and proper, in accordance with the law and damages sustained by him, as will be determined upon the trial of this action, together with the costs and disbursements of this action.

Dated: New York, N.Y.
       June 12, 2012

                          Respecfully submitted,

                          _____
                          Dennis Bellovin
                          Trolman, Glaser & Lichtman, P.C.
                          Attorneys for Plaintiff
                          777 Third Avenue, 35th Floor
                          New York, New York 10017
                          (212)750-1200

                          And as counsel to:
                          Chavez & DeLeon, P.A.
                          5975 Sunset Drive, suite 605
                          South Miami, Fl. 33143
                          (305)441-1281.

## ATTORNEY VERIFICATION

DENNIS BELLOVIN being an attorney duly licensed to practice law in the State of New York, attorneys of record for the plaintiff, hereby affirms the truth of the following statements, all under penalty of perjury:

That affirmant has read the foregoing VERIFIED COMPLAINT and knows the contents thereof; that the same is true to affirmant's own knowledge except as to the matters therein stated to be alleged upon information and belief, this entire VERIFIED COMPLAINT, being based upon information and belief the source thereof being the investigation conducted and the file maintained in this office, and as to those matters affirmant believes it to be true; the reason that this verification is not made by plaintiff is that plaintiff does not reside in the county of New York wherein affirmant maintains an office.

Dated: New York, New York
       June 12, 2012

_____
DENNIS BELLOVIN

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

RICHARD PALOMO SOLORZANO,

                    Plaintiff,
          -against-

AHTNA TECHNICAL SERVICES, INC,

                    Defendant.

SUMMONS AND COMPLAINT

TROLMAN, GLASER & LICHTMAN, P.C.
Attorneys for Plaintiff(s)
777 Third Avenue
New York, New York 10017
(212)750-1200
Fax: (212)980-4011

To:

Attorney(s) for

The signature below shall constitute the signature required pursuant to NYCRR Section 130-1.1-a and pertains to all of the enclosed documents: SUMMONS AND COMPLAINT

DENNIS BELLOVIN

PLEASE TAKE NOTICE

NOTICE OF
ENTRY
☐
          that the within is a (certified) true copy of a
          entered in the office of the Clerk of the within named
          Court on              20    .

NOTICE
OF
SETTLEMENT
          hat an Order of which the within is a true copy will be
          presented to the Hon.                  , one of the
          judges of the within named Court, on        , 20

☐
Dated:

                    TROLMAN, GLASER & LICHTMAN, P.C.
                    Attorneys for Plaintiff(s)
                    777 Third Avenue
                    New York, New York 10017
                    (212)750-1200
                    Fax: (212)980-4011